UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MELISSA G. | : | |
| | : | |
| v. | : | C.A. No. 20-00367-WES |
| | : | |
| KILOLO KIJAKAZI, Commissioner | : | |
| Social Security Administration | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Supplemental Security Income Benefits ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on August 21, 2020 seeking to reverse the Decision of the Commissioner. On May 7, 2021, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. (ECF No. 17). On June 24, 2021, Defendant filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF No. 19). On July 8, 2012, Plaintiff filed a Reply. (ECF No. 20).

This matter has been referred to me for preliminary review, findings, and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions, and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse (ECF No. 17) be DENIED and that the Commissioner's Motion to Affirm (ECF No. 19) be GRANTED.

  **I. PROCEDURAL HISTORY**

Plaintiff filed applications for DIB (Tr. 282-285) and SSI (Tr. 289-297) on May 17, 2018, alleging disability since January 1, 2014. The applications were denied initially on August 4, 2018 (Tr. 90-106, 107-123) and on reconsideration on September 11, 2018. (Tr. 126-141, 142-157).

Plaintiff requested an Administrative Hearing. Hearings were held before Administrative Law Judge Martha Bower (the "ALJ") on March 14, 2019 and August 12, 2019 at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified. (Tr. 52-89, 33-50). The ALJ issued an unfavorable decision to Plaintiff on September 11, 2019. (Tr. 12-30). The Appeals Council denied Plaintiff's request for review on June 23, 2020. (Tr. 1-3). Therefore, the ALJ's decision became final. A timely appeal was then filed with this Court.

**II.     THE PARTIES' POSITIONS**

Plaintiff argues that the ALJ erred in finding her treating psychiatrist's medical opinion to be unpersuasive and by incorrectly assessing her physical and mental RFC.

The Commissioner contends that substantial evidence supports the ALJ's conclusions and thus they must be affirmed.

**III.    THE STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v.

Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A. Opinion Evidence

For applications like this one, filed on or after March 27, 2017, the Administration has fundamentally changed how adjudicators assess opinion evidence. The requirements that adjudicators assign "controlling weight" to a well-supported treating source's medical opinion that is consistent with other evidence, and, if controlling weight is not given, must state the specific weight that is

assigned – are gone. See Shaw v. Saul, No. 19-cv-730-LM, 2020 WL 3072072, *4-5 (D.N.H. June 10, 2020) citing Nicole C. v. Saul, Case No. cv 19-127JJM, 2020 WL 57727, at *4 (D.R.I. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a)). Under the newly applicable regulations, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source (including the claimant's treating providers). 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the relative persuasiveness of the medical evidence in terms of five specified factors. Id.

The five factors the ALJ considers in evaluating the persuasiveness of a medical opinion are supportability (the relevance of the opinion's cited objective medical evidence), consistency (how consistent the opinion is with all of the evidence from medical and non-medical sources), treatment/examining relationship (including length of treatment relationship, frequency of examinations, purpose of treatment relationship, and existence and extent of treatment/examining relationship), specialization (the relevance of the source's specialized education or training to the claimant's condition), and what the Administration refers to as "other factors" (the medical source's familiarity with the claimant's medical record as a whole and/or with the Administration's policies or evidentiary requirements). Shaw, 2020 WL 3072072 at *4 citing 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5) (emphasis supplied). Of the five factors, the "most important" are supportability and consistency. Id. §§ 404.1520c(a), 404.1520c(b)(2), 416.920c(a), 416.920c(b)(2).

While the ALJ must consider all five of the factors in evaluating the persuasiveness of medical evidence, when preparing the written decision, the ALJ is, in most cases, only required to discuss application of the supportability and consistency factors. Id. §§ 404.1520c(b)(2), 416.920c(b)(2). Only where contrary medical opinions are equally persuasive in terms of both supportability and consistency is the ALJ required to discuss their relative persuasiveness in terms of the treatment/examining relationship, specialization, and other factors. Id. §§ 404.1520c(b)(3),

416.920c(b)(3). In addition, where a single medical source offers multiple opinions, the ALJ is not required to discuss each opinion individually, but instead may address all of the source's opinions "together in a single analysis." Id. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moreover, while the ALJ must consider all of the relevant evidence in the record, id. §§ 404.1520b(a)-(b), 416.920b(a)-(b), the ALJ need not discuss evidence from nonmedical sources, including, e.g., the claimant, the claimant's friends and family, educational personnel, and social welfare agency personnel. Id. §§ 404.1502(e), 404.1520c(d), 416.902(j), 416.920c(d). And while the regulations require the ALJ to discuss the relative persuasiveness of all medical source evidence, id. §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, id. §§ 404.1521, 416.921.

"Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced practice registered nurses, physician assistants, and speech pathologists. Id. §§ 404.1502(a), 416.902(a). Evidence from other medical sources, such as licensed social workers or chiropractors, is insufficient to establish the existence or severity of a claimant's impairments. Id. Finally, the ALJ need not discuss evidence that is "inherently neither valuable nor persuasive," including decisions by other governmental agencies or nongovernmental entities, findings made by state disability examiners at any previous level of adjudication, and statements by medical sources as to any issue reserved to the Commissioner. Id. §§ 404.1520b(c), 416.920b(c).

**B.     Developing the Record**

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142

(1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

C. **Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

D. **The Five-step Evaluation**

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional

impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

**1.     Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. SSR 16-3p, 2017 WL 4790249, at *49462; 20 C.F.R. § 404.1529(c)(3). In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1)     The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

  (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

  (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;

  (4) Treatment, other than medication, for relief of pain;

  (5) Functional restrictions; and

  (6) The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A). However, the individual's statements about the intensity, persistence, and limited effects of symptoms may not be disregarded "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms." SSR 16-3p, 2017 WL 4790249, at *49465.

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony, or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

Guidance in evaluating the claimant's statements regarding the intensity, persistence, and limiting effects of subjective symptoms is provided by SSR 16-3p, 2017 WL 4790249, at *49462 (Oct. 25, 2017). It directs the ALJ to consider the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; any other relevant evidence; and whether statements about the intensity, persistence, and limiting effects of symptoms are consistent with the medical signs and laboratory findings. SSR 16-3p, 2017 WL 4790249, at *49465.

V.     **APPLICATION AND ANALYSIS**

A.     **The ALJ's Decision**

The ALJ decided this case adverse to Plaintiff at Step 4. At Step 2, the ALJ found that Plaintiff's neck/back impairments, chronic pain syndrome, depression, anxiety, and borderline personality disorder were all "severe" impairments as defined in the applicable regulations. At Step 3, the ALJ concluded that Plaintiff did not have any impairments or combination of impairments that met or medically equaled any of the Listings. She assessed an RFC for a limited range of light work with both exertional and non-exertional limitations as specified. The ALJ then rendered a non-disability finding at Step 4 because that RFC did not preclude Plaintiff from doing her past relevant work as a housekeeping cleaner. The ALJ additionally made an alternate Step 5 finding that Plaintiff's RFC also allowed her to perform other light and sedentary positions available in the economy.

Plaintiff alleges disability as of January 1, 2014. However, the ALJ concluded that res judicata barred consideration of whether Plaintiff was disabled prior to June 24, 2017 because of a prior administrative claim denial. Since Plaintiff's date last insured for DIB was September 30, 2016, the res judicata determination effectively mooted Plaintiff's DIB application. As to SSI,

the ALJ concluded that the record did not support a disability finding on or after June 24, 2017 through the date of the decision.

### B.     The ALJ Properly Evaluated the Medical Opinions of Record

Plaintiff primarily faults the ALJ for her evaluation of her long-term treating psychiatrist Dr. Torres' January 31, 2019 and June 14, 2019 medical opinions (Exh. B31F and B52F), as well as her evaluation of the March 19, 2019 assessment of Dr. Sparadeo, a neuropsychologist (Exh. B46F) and the opinions of her treating therapist Ms. Brennan (Exhs. B30F and B47F).  Plaintiff erroneously relies upon the inapplicable "controlling weight" regulations in the opening brief (ECF No. 17 at pp. 6-7) but "concurs" in her reply brief (ECF No. 20 at p. 1) that the new post-March 27, 2017 revised regulations for evaluating medical opinions are applicable.  The new regulations eliminate the presumptive deference previously given to treating medical source opinions and require the ALJ to simply evaluate the persuasiveness of medical opinions.  The most important factors for consideration by the ALJ are now supportability and consistency.  20 C.F.R. § 416.920c.  Supportability assesses the degree to which the medical source provides medical evidence or explanation to support the opinion. Id.  Consistency looks at the opinion in the context of other evidence in the record.  Id.

This is a complex case with a substantial administrative record.  The ALJ thoroughly lays out the relevant evidence of record and clearly articulates her conclusions and supporting rationale.  In the end, the ALJ was faced with conflicting medical opinions and sorted through them in compliance with the law.  Plaintiff has shown no error in that exercise.  Although Plaintiff makes a boilerplate argument that the ALJ was "not at liberty to ignore medical evidence or substitute her own views for uncontroverted medical opinion," (ECF No. 17 at p. 8), she has not shown that the ALJ did either of those things.  Rather, it is clear from Plaintiff's brief that the actual argument is simply that the ALJ erred by favoring the opinions of the non-treating sources over those of "long-treating providers and specialists." Id.  However, the ALJ has the discretion to do just that so long as her conclusions are

adequately supported by the record. Since they are in this case, the Court cannot second-guess those conclusions.

As to Dr. Torres' opinions, the ALJ accurately summarizes them and clearly explains why she found them "somewhat persuasive." (Tr. 26). She explained that she found Dr. Torres' uniform assessment of Plaintiff's abilities and aptitudes for work as "limited but satisfactory" to be very persuasive since they were consistent with his mental status findings on examination. (See, e.g., Tr. 1232-1240). The ALJ also adequately explained why she found that Dr. Torres' assessment that Plaintiff could not sustain employment and would be absent for more than four days of work per month were of "little value" because they were not consistent with his own treatment notes. (Tr. 26). Finally, Dr. Torres changes his opinion somewhat from January to June suggesting a possible exacerbation of symptoms. However, as noted by the ALJ, the mental status findings on examination remained consistently normal over the period. (Tr. 754, 761-762, 786, 1018, 1236, 1239, 1978, 1981). Thus, the ALJ acted reasonably in discounting the value of the more limiting June 2019 opinions.

Plaintiff has likewise shown no error in the ALJ's treatment of Dr. Sparadeo's report. The ALJ found his opinion to be "not persuasive" because it was on an issue, i.e., disability, clearly reserved to the Commissioner. (Tr. 26, citing SSR 96-5p). Dr. Sparadeo opined that Plaintiff was "unable to work at any level due to ongoing depression, anxiety and pain." (Tr. 1701). Since Dr. Sparadeo did not opine on Plaintiff's physical and mental abilities or limitations in terms of work-related functions, his assessment is not considered a "medical opinion" that the ALJ was required to address. 20 C.F.R. § 416.913(a)(2). By regulation, his conclusory opinions on ultimate issues reserved to the Commissioner are "neither valuable nor persuasive." 20 C.F.R. § 416.920b(c)(3).

Finally, Plaintiff has shown no error by the ALJ in evaluating her therapist Ms. Brennan's opinions. The ALJ concluded that such opinions were not persuasive, and her conclusion is supported by the record. (Tr. 25). The ALJ accurately observed that the opinions were inconsistent with Dr. Torres' opinions and with the longitudinal medical record which showed that Plaintiff was not

distractable with goal-directed thought processes and good insight and judgment. Id. The ALJ also appropriately rejected Ms. Brennan's physical RFC opinions as outside the purview of her expertise as a "clinical behavioral health technician." Id.

### C. The ALJ Properly Assessed Plaintiff's RFC

The ALJ concluded that Plaintiff had the RFC to perform light work with certain postural restrictions and limited to only simple tasks. Plaintiff argues that this RFC "does not encompass all of her mental health limitations, and therefore is not representative of her functional capacity." (ECF No. 17 at p. 9). Plaintiff's argument, however, is dependent on her unsuccessful arguments (discussed above) that the ALJ erred in her evaluation of treating source opinions. Accordingly, her argument as to RFC also fails.

In support, Plaintiff also refers to medical imaging in the record confirming her back impairment and supporting her pain complaints. (ECF No. 17 at p. 10). However, the ALJ agreed that Plaintiff's back impairment and chronic pain syndrome were "severe" impairments at Step 2. Further, after reviewing such imaging and the relevant medical records, the reviewing physicians, Dr. Quinn and Dr. Georgy, opined that Plaintiff could perform a range of light work despite her impairments. (Tr. 102-103, 137-138). The ALJ found these opinions to be persuasive, and that conclusion has not been challenged. Plaintiff also alleges without record citation that she experiences "severe migraines with nausea and vomiting" and faults the ALJ for failing to mention it in the decision. Plaintiff again shows no error in this regard. First, she did not allege disability due to migraines initially or on reconsideration. (Tr. 91, 127). Second, Dr. Torres consistently noted that Plaintiff experienced good migraine prophylaxis with medication. (See, e.g., Tr. 1980). Finally, Nurse Practitioner Ameck noted in 2018 that Plaintiff's migraines were "well controlled." (Tr. 772).

### D. Plaintiff's Remaining Arguments Are Undeveloped and Waived

Plaintiff summarily mentions two arguments on the last page of her initial brief. (ECF No. 17 at p. 12). She argues that she meets or equals Listing 12.08 and that the ALJ erred in some unspecified

manner as to claimed ambiguity in the VE's testimony.  Neither argument is sufficiently developed or supported in the opening brief as required by the Court's Scheduling Order (ECF No. 14).  They are clearly throw-in arguments left for the Court to sort out on its own and, as such, are deemed waived.  See Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev., 421 F.3d 1, 6 (1st Cir. 2005).

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (ECF No. 17) be DENIED and that the Commissioner's Motion to Affirm (ECF No. 19) be GRANTED.  I further recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, In. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 23, 2021